UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X

JOSEPH L. REYES                       :

                    Plaintiff,   :

            -against-                 :    **COMPLAINT**

LODU Corp., DULO Corp., LARRY & JEFF'S
BICYCLE'S PLUS                        :

                    Defendants.  :

-------------------------------------X

### JURISDICTION AND VENUE

1. This action arises under the Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, New York Exec. Law Section 290 et. seq., and New York City Human Rights Law.

2. This Court has jurisdiction under 28 U.S.C. Sec. 1331. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367.

3. Venue is proper in the Southern District of New York according to 28 U.S.C. 1391 because the defendant is located there and the events occurred there.

### THE PARTIES

4. Plaintiff is an Hispanic male who resides in Jackson Heights, New York.

5. Defendant LODU Corp. is a corporation duly licensed under the laws of the State of New York.

6. Defendant DULO Corp. is a corporation duly licensed under the laws of the State of New York.

7. Defendant LARRY & JEFF's BICYCLE'S PLUS is a corporation, partnership, or d/b/a trade name duly licensed to conduct business in the State of New York.

8. All of the above corporations or business entities are substantially owned and  controlled by the same entities and, by law, are alter egos or a joint employer.

9.    Defendant LODU Corp. employs 15 or more employees and is an "employer" under Title VII.

10.   Defendant DULO Corp. employs 15 or more employees and is an "employer" under Title VII.

11.   Defendant LARRY & JEFF's BICYCLE'S PLUS employs 4 or more employees and are "employer"s under the New York State and New York City Human Rights Law.

## ADMINISTRATIVE PREREQUISITES

12.   On or about June 23, 2004, the plaintiff filed a charge ("Charge") with the Equal Employment Opportunity Commission ("EEOC") charging the defendants with discriminating against the plaintiff on the basis of plaintiff's national origin and race.

13.   Said charge was filed within 300 days of the unlawful and discriminatory employment practice.

14.   On December 28, 2004, the EEOC ruled that there was "probable cause" that defendant discriminated against plaintiff.

15.   On or about January 22, 2005, plaintiff received a Notice of Right to Sue (NORTS) from the EEOC.

16.   Plaintiff commenced this federal lawsuit within 90 days of plaintiff's receipt of the NORTS.

## COUNT I

17.   Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

18.   Plaintiff was hired by the defendants as a salesperson in 1998.

19.   At all times, his performance was satisfactory.

20.   Plaintiff was promoted to Assistant Manager in 2002.

21.   On or about August 2003, the employer hired Don Randall and, within one month, promoted him to the position of manager.

22.   Mr. Randall, a white male, terminated an Hispanic employee who had performed satisfactorily and reduced my hours to three days per week.

23. Mr. Randall often referred to blacks as "monkeys" and "savages" and stated that Hispanics are "drug dealers" and "thieves" whose children are often on welfare.

24. Mr. Randall also scrutinized and double-checked the paperwork of Hispanic employees, but not of white employees.

25. Mr. Randall often refused to help black and Hispanic customers.

26. A few weeks before my termination, plaintiff explained to Mr. Randall that he could not move boxes due to a wrist injury. Mr. Randall called plaintiff a "spic."

27. Plaintiff then phoned an owner Jeff Leowi (a/k/a Joseph Leowi). The two met and plaintiff complained about Mr. Randall's discrimination and harassment. Mr. Leowi stated that he would "look into it."

28. Upon information and belief, other employees had complained about Mr. Randall's harassment.

29. Two weeks later, Mr. Leowi advised me that he did not find anything wrong with Mr. Randall's behavior and he terminated me.

30. Defendants fostered a hostile work environment on the basis of national origin and race and terminated me on the basis of national origin and race, in violation of Title VII of the Civil Rights Act of 1964, causing plaintiff economic and non-economic damage.

31. Defendants acted with malice and/or reckless indifference.

<u>COUNT II.</u>

32. Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

33. Defendant fostered a hostile work environment on the basis of national origin and race and terminated me on the basis of national origin and race, in violation the New York State Human Rights Law, causing plaintiff economic and non-economic damage.

<u>COUNT III.</u>

34. Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

35. Defendant fostered a hostile work environment on the basis of national origin and race and terminated me on the basis of national origin and race, in violation the New York City Human Rights Law, causing plaintiff economic and non-economic damage.

<u>COUNT IV.</u>

36. Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

37. Defendants retaliated against plaintiff by terminating him because he complained of discrimination, in violation of Title VII of the Civil Rights Act of 1964.

38. Defendants acted with malice and/or reckless indifference.

<u>COUNT V.</u>

39. Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

40. Defendant retaliated against plaintiff by terminating him because he complained of discrimination, in violation of the New York State Human Rights Law.

<u>COUNT VI.</u>

41. Plaintiff repeats, realleges, and incorporates, as though fully set forth herein, all factual allegations previously set forth.

42. Defendant retaliated against plaintiff by terminating him because he complained of discrimination, in violation of the New York City Human Rights Law.

<u>JURY DEMAND</u>

43. The plaintiff demands trial by jury.

WHEREFORE, the plaintiff demands judgment against the defendant and prays:

(a) That this court award the plaintiff backpay, frontpay,

lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages and punitive damages for defendants' willful unlawful discrimination and hostile work environment in violation of Title VII;

(b) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages for defendants' willful unlawful discrimination and hostile work environment in violation of the New York State Human Rights Law;

(c) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages and punitive damages for defendants' willful unlawful discrimination and hostile work environment in violation of the New York City Human Rights Law;

(d) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages and punitive damages for defendants' willful unlawful retaliation in violation of Title VII;

(e) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension, and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, and compensatory damages for defendants' willful unlawful retaliation in violation of the New York State Human Rights Law;

(f) That this court award the plaintiff backpay, frontpay, lost health insurance, life insurance, pension and deferred compensation benefits, and accrued leave, which amounts are to be determined at trial, as well as pre-judgment interest, compensatory damages and punitive damages for defendants' willful unlawful retaliation in violation of the New York City Human Rights Law;

(g) That this court award the plaintiff counsel fees, disbursements, and costs pursuant to Title VII and New York City Human Rights Law;

(h) That this court issue a declaratory judgment declaring that defendant violated plaintiff's civil rights;

(i) That this court issue a permanent injunction restraining defendant from further discriminating against, retaliating against, and violating plaintiff's civil rights;

(j) That this court reinstate plaintiff to his former position;

(k)  That this court award the plaintiff such other and further relief as may be just and equitable.

Dated:     Mineola, NY
           April 19, 2005

                                        Yours, etc.,


                                        _____
                                        Raymond Nardo (4773)
                                        Attorney for
                                        Plaintiff
                                        129 Third Street
                                        Mineola, NY 11501
                                        (516)248-2121

TO: